**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF MISSISSIPPI
OXFORD DIVISION**

**CASSANDRA NEWBERN**                                                                **PLAINTIFF**

**V.**                                                **CAUSE NUMBER: 3:25-cv-00364-JDM-JMV**

**MISSISSIPPI DEPARTMENT OF
CHILD PROTECTION SERVICES, et al.**                                **DEFENDANTS**

**ORDER GRANTING DEFENDANTS STATE OF MISSISSIPPI'S AND
<u>DEPARTMENT OF CHILD PROTECTION SERVICES'S MOTION TO DISMISS</u>**

Two Defendants—the State of Mississippi and the Mississippi Department of Child Protection Services—filed a Motion to Dismiss Plaintiff Cassandra Newbern's complaint. [11] Newbern alleged the State, MDCPS, and other defendants violated her civil rights by removing her minor child from her custody. [1] She brought her pro se lawsuit against the State, MDCPS, and other defendants in federal court. But the Eleventh Amendment grants states and state agencies like MDCPS immunity from being sued in federal court. And that Eleventh Amendment immunity prevents this Court from exercising subject matter jurisdiction over Newbern's lawsuit against the State and MDCPS. So the State's and MDCPS's motion to dismiss is **GRANTED**.

Newbern's complaint alleged the defendants removed her daughter from school and placed the child in her father's custody.[1] According to Newbern, the child was physically assaulted and hospitalized while with her father. Newbern asserted various causes of action including state tort claims and federal civil rights claims.

---

[1] Newbern's complaint names MDCPS, Valireyia Burnett, Danechia Patterson, Lakeisha Savage, DeSoto County School District, and the State of Mississippi as defendants. Her complaint references "Defendants" collectively instead of leveling specific allegations against specific defendants.

The State and MDCPS then moved to dismiss under Federal Rule of Civil Procedure 12(b)(1). They argue this Court lacks subject matter jurisdiction because the Eleventh Amendment prevents states and state agencies from being sued in federal court.[2]

The Eleventh Amendment provides, "The Judicial power of the United States shall not be construed to extend to any suit in law or equity, commenced or prosecuted against one of the United States by Citizens of another State, or by Citizens or Subjects of any Foreign State." U.S. CONST. amend. XI. "Absent waiver, neither a State nor agencies acting under its control may 'be subject to suit in federal court.'" *Puerto Rico Aqueduct & Sewer Auth. v. Metcalf & Eddy, Inc.*, 506 U.S. 139, 144, 113 S. Ct. 684, 121 L. Ed. 2d 605 (1993) (quoting *Welch v. Tex. Dept. of Highways & Pub. Transp.*, 483 U.S. 468, 480, 107 S. Ct. 2941, 97 L. Ed. 2d 389 (1987)).

Newbern's complaint names the State and its agency MDCPS as defendants. And under the Eleventh Amendment the State and MDCPS are immune from suit in this Court. While there are three exceptions to Eleventh Amendment immunity, none apply here.

"Federal courts are without jurisdiction over suits against a state, a state agency, or a state official in his official capacity unless that state has waived its sovereign immunity or Congress has clearly abrogated it." *NiGen Biotech, L.L.C. v. Paxton*, 804 F.3d 389, 393-94 (5th Cir. 2015) (quoting *Moore v. La. Bd. of Elementary & Secondary Educ.*, 743 F.3d 959, 963 (5th Cir. 2014)). "The third exception to overcome Eleventh Amendment immunity is the *Ex parte Young* exception—which requires that there be a request for prospective relief against state officials who are committing an ongoing federal violation." *Corn v. Miss. Dep't of Pub. Safety*, 954 F.3d 268, 274 (5th Cir. 2020) (citing 209 U.S. 123, 28 S. Ct. 441, 52 L. Ed. 714 (1908)).

---

[2] Alternatively, they seek to dismiss Newbern's "scattershot" complaint for failure to state a claim. But because the Court lacks subject matter jurisdiction, it cannot address the State's and MDCPS's alternate argument.

And Newbern has neither argued nor alleged *any* of the exceptions to Eleventh Amendment immunity apply to the State or MDCPS. Indeed, Mississippi has not waived sovereign immunity under the Eleventh Amendment. *See* Miss. Code Ann. § 11-46-5(4). And Congress has not abrogated Eleventh Amendment immunity. *See Quern v. Jordan*, 440 U.S. 332, 341, 99 S. Ct. 1139, 59 L. Ed. 2d 358 (1979). Neither can Newbern succeed under the *Ex parte Young* doctrine because she has not alleged an ongoing federal violation. She only seeks to recover from past actions—namely, removal of her child from her custody. Therefore, the Eleventh Amendment bars this lawsuit against the State and MDCPS.

Without an applicable exception to the State's and MDCPS's Eleventh Amendment immunity, this Court lacks subject matter jurisdiction over Newbern's claims against these two defendants. The State's and MDCPS's Motion to Dismiss for Lack of Jurisdiction [11] is **GRANTED**. Therefore, the State and MDCPS will be dismissed from this lawsuit. A separate judgment will issue this day.

**SO ORDERED**, this the 18th day of May, 2026.

/s/ James D. Maxwell II
UNITED STATES DISTRICT JUDGE
NORTHERN DISTRICT OF MISSISSIPPI