**IN THE UNITED STATES DISTRICT COURT**
**FOR THE NORTHERN DISTRICT OF MISSISSIPPI**
**OXFORD DIVISION**

**CASSANDRA NEWBERN**                                        **PLAINTIFF**

**V.**                                        **CAUSE NUMBER: 3:25-cv-00364-JDM-JMV**

**MISSISSIPPI DEPARTMENT OF**
**CHILD PROTECTION SERVICES, et al.**                        **DEFENDANTS**


**ORDER DENYING DESOTO COUNTY**
**SCHOOL DISTRICT'S MOTION TO DISMISS**

Before the Court is Defendant DeSoto County School District's Motion to Dismiss. [20] The School seeks to dismiss Plaintiff Cassandra Newbern's pro se complaint for failure to state a claim under Federal Rule of Civil Procedure 12(b)(6). The School is correct that Newbern failed to state a claim against it. But because precedent requires courts show leniency to pro se plaintiffs, the School's motion to dismiss is **DENIED without prejudice**.

Newbern's complaint named multiple defendants and alleged various causes of action. Her daughter's removal from school and placement with her father prompted the suit. Specifically, Newbern alleged "Defendants" acted to place her daughter in the father's custody, resulting in the young girl's physical assault and hospitalization. The only specific mention of the School is in paragraph 7. "Defendant, DESOTO COUNTY SCHOOL DISTRICT, is a public entity whose actions contributed to the wrongful removal of the Plaintiff's children. It may be served through the Superintendent[.]" The complaint then sets forth ten causes of action. But there are no accompanying allegations.

To survive a motion to dismiss, "a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S.

662, 678, 129 S. Ct. 1937, 173 L. Ed. 2d 868 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570, 127 S. Ct. 1955, 167 L. Ed. 2d 929 (2007)). And "[t]o be plausible, the complaint's '[f]actual allegations must be enough to raise a right to relief above the speculative level.'" *In re Great Lakes Dredge & Dock Co. LLC*, 624 F.3d 201, 210 (5th Cir. 2010) (quoting *Twombly*, 550 U.S. at 555). While "a pro se complaint is to be construed liberally[,] [e]ven a liberally construed pro se civil rights complaint . . . must set forth facts giving rise to a claim on which relief may be granted." *Johnson v. Atkins*, 999 F.2d 99, 100 (5th Cir. 1993) (citing *Brinkmann v. Johnston*, 793 F.2d 111, 112 (5th Cir. 1986); *Levitt v. Univ. of Tex. at El Paso*, 847 F.2d 221, 224 (5th Cir. 1988)).

In her complaint, Newbern presented no facts about what, if anything, the School did to give rise to liability. She simply recites ten causes of action without including any facts or elements. So construing her complaint as liberally as possible, Newbern failed to state a claim against the School.

But "a district court generally 'errs in dismissing a pro se complaint for failure to state a claim under Rule 12(b)(6) without giving the plaintiff an opportunity to amend.'" *Robinson v. Escorza*, No. SA-23-CV-734-OLG-HJB, 2024 WL 3249082, at *1 (W.D. Tex. May 14, 2024) (quoting *Bazrowx v. Scott*, 136 F.3d 1053, 1054 (5th Cir. 1998)).

While Newbern has already amended her complaint once, she did so under Rule 15(a)(1)(B). This rule allowed her to amend her complaint as a matter of course within 21 days of a Rule 12(b) motion. Newbern missed the 21-day deadline, so the Court struck her answer as untimely. That means the Court now only considers her original complaint. Under these circumstances, the Court finds it appropriate to give Newbern another chance to amend her complaint and address the sufficiency of her pleadings against the School. But she must do so before the deadline below—otherwise, her amended complaint will be stricken again.

For these reasons, the School's Motion to Dismiss [20] is **DENIED without prejudice**. Newbern may amend her complaint and try to plead a sufficient case against the School. Newbern shall file her amended complaint within twenty-one (21) days of the date of this order. If Newbern fails to amend her complaint within 21 days, her complaint shall automatically be stricken as untimely.

**SO ORDERED**, this the 18th day of May, 2026.


        /s/ James D. Maxwell II
        UNITED STATES DISTRICT JUDGE
        NORTHERN DISTRICT OF MISSISSIPPI